UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HOLBROOK, No. 767925,

                Petitioner,              Case No. 2:18-cv-12820
                                                Hon. Arthur J. Tarnow

v.

PRISON WARDEN,

                Respondent.
_____/

**ORDER OF TRANSFER TO THE SIXTH CIRCUIT COURT OF APPEALS**

Petitioner Charles Holbrook, a Michigan prisoner, filed this petition for a writ of habeas corpus. He was convicted in 2010 of being a felon in possession of a firearm, accosting a child for immoral purposes, two counts of producing child sexually abusive material, and two counts of allowing a child to engage in child sexually abusive activity. See *People v. Holbrook*, No. 298869, 2011 Mich. App. LEXIS 1899, 2011 WL 5064266 (Mich. Ct. App. Oct. 25, 2011). As the Court understands it, the petition asserts that Petitioner is being illegally held in prison for possessing a picture that the State cannot produce, the police illegally raided his house, and private possession of an obscene picture is constitutionally protected conduct. The Court concludes that this is a successive habeas petition and will transfer it to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

*Holbrook v. Warden*, No. 18-cv-12820

In a petition filed in 2013, Petitioner challenged the same convictions at issue here. The petition raised claims that insufficient evidence supported the convictions and the trial court erred in several evidentiary rulings. The court denied relief on the merits. *Holbrook v. Rapelje*, No. 2:13-cv-13137, 2016 U.S. Dist. LEXIS 189160 (E.D. Mich. Apr. 1, 2016) (Friedman, J.). Since that time, Petitioner has filed over twenty federal habeas petitions attacking his convictions and sentences. See *Holbrook v. Rivard*, No. 17-13268, 2017 U.S. Dist. LEXIS 179114, Order of Transfer (E.D. Mich. Oct. 30, 2017) (collecting cases).

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not obtained authorization from the Court of Appeals to file a successive habeas petition, and this Court lacks jurisdiction to consider second or successive habeas petitions without pre-authorization from the Court of Appeals. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016), cert. denied, 137 S. Ct. 2188,

198 L. Ed. 2d 258 (2017).

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit.

s/Arthur J. Tarnow
Honorable Arthur J. Tarnow
United States District Judge

Dated: September 20, 2018